**CT Corporation**

**Service of Process Transmittal**
02/02/2010
CT Log Number 516092337

**TO:** Ed Ham
Allstate Insurance Company
740 Carillon Parkway, Suite 100
Saint Petersburg, FL 33716-

**RE:** **Process Served in Florida**

**FOR:** ALLSTATE INSURANCE COMPANY (Domestic State: IL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Cypress Bend IV Condominium Association, Plf. vs. Allstate Insurance Company, Dft. |
| **DOCUMENT(S) SERVED:** | Notice(s), Summons, Complaint, Exhibit(s), Letter(s) |
| **COURT/AGENCY:** | Broward County Circuit Court, FL<br>Case # 10 02550 11 |
| **NATURE OF ACTION:** | Insurance Litigation - Policy benefits claimed for damages to insured property Due to a Hurricane - October 24, 2005 - Petition to Compel Appraisal |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Plantation, FL |
| **DATE AND HOUR OF SERVICE:** | By Electronic Receipt on 02/02/2010 |
| **APPEARANCE OR ANSWER DUE:** | Within 20 Calendar days after service |
| **ATTORNEY(S) / SENDER(S):** | Shaun J. Marker<br>Law Office of Vivian M. Knapp<br>1450 Centrepark Blvd.<br>Suite 250<br>West Palm Beach, FL 33401<br>561-616-7417 |
| **REMARKS:** | Process received by Chief Financial Officer on 02/01/10, and forwarded to C T Corporation System by electronic delivery on 02/02/10. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/02/2010, Expected Purge Date: 02/07/2010<br>Image SOP<br>Email Notification, Patti Cummings pgarq@allstate.com<br>Email Notification, Sherrie Ross sherrie.ross@allstate.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Donna Moch<br>1200 South Pine Island Road<br>Plantation, FL 33324<br>954-473-5503 |

Page 1 of 1 / RH

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



EXHIBIT
"A"

**ALEX SINK**
**CHIEF FINANCIAL OFFICER**
**STATE OF FLORIDA**
Florida Department of Financial Services


10-05083

---

CYPRESS BEND IV CONDOMINIUM ASSOCIATION,
INC.,

PLAINTIFF(S),

VS.

ALLSTATE INSURANCE COMPANY

DEFENDANT(S).

_____/
CIVIL ACTION SUMMONS, COMPLAINT, EXHIBITS

CASE #:    10 02550
COURT:    CIRCUIT COURT
COUNTY:    BROWARD
DFS-SOP#: 10-05083

## NOTICE OF SERVICE OF PROCESS

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial
Officer of the State of Florida.  Said process was received in my office by MAIL on the 1st day
of February, 2010 and a copy was forwarded by Electronic Delivery on the 2nd day of February,
2010 to the designated agent for the named entity as shown below.

    ALLSTATE INSURANCE COMPANY
    DONNA MOCH  (CLS-SOPPLATeam@wolterskluwer.com)
    CT CORPORATION SYSTEM
    1200 SOUTH PINE ISLAND ROAD
    PLANTATION FL 33324

\* Our office will only serve the initial process (Summons and Complaint) or Subpoena and is not responsible for transmittal of any
subsequent filings, pleadings or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule #1.080.

*Alex Sink*
Alex Sink
Chief Financial Officer

cc to: Plaintiff's Representative for filing in appropriate court:

SHAUN J. MARKER
12000 BISCAYNE BLVD., SUITE 415                                    AJ1
NORTH MIAMI FL 33181

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT, IN AND FOR BROWARD
COUNTY, FLORIDA

CIVIL DIVISION

CASE NO:

**10   02550**

CYPRESS BEND IV CONDOMINIUM
ASSOCIATION, INC.,

Plaintiff,

vs.

ALLSTATE INSURANCE COMPANY,

Defendant.

_____/

## CIVIL ACTION SUMMONS

THE STATE OF FLORIDA:

To:   Insurance Commissioner
      Department of Insurance
      Process Section
      200 E. Gaines Street
      Tallahassee, FL 32399

**YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the
complaint or petition in this action on Defendant

### ALLSTATE INSURANCE COMPANY

## IMPORTANT

A Petition has been filed against you.  You have 20 calendar days after this Summons is
served on you to file a written response to the attached Petition with the Clerk of this Court.  A
phone call will not protect you.  Your written response, including the case number give above
and the names of the parties, must be filed if you want the court to hear your side of the case.  If
you do not file your response on time, you may lose the case, and your wages, money and
property may thereafter be taken without further warning from the Court.  There are other legal
requirements.  You may want to call an attorney right away.  If you do not know an attorney, you
may call an attorney referral service or a legal aid office (listed in the telephone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court, you must also mail or take a copy of your written response to the "Plaintiff's Attorney" named below.

DATED ON: _____JAN 2 0 2010_____


**HOWARD C. FORMAN**
**As Clerk of the Court**

By: _____

**As Deputy Clerk**

LASHON Z. BYNES

A TRUE COPY
Circuit Court Seal


Shaun J. Marker, Esq., F.B.N. 0017378
Christopher N. Mammel, F.B.N. 0054051
Childress Duffy Goldblatt, Ltd.
Counsel for Plaintiff
12000 Biscayne Blvd., Suite 415
North Miami, Florida, 33181
305-895-9050
305-895-9589 (Fax)



IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT, IN AND FOR BROWARD
COUNTY, FLORIDA

CIVIL DIVISION   10   02550

CASE NO:

11

CYPRESS BEND IV CONDOMINIUM
ASSOCIATION, INC.,

Plaintiff,

vs.

ALLSTATE INSURANCE COMPANY,

Defendant.

_____/



A TRUE COPY

JAN 1 1 2010

HOWARD C. FORMAN
CLERK OF CIRCUIT COURT
BROWARD COUNTY, FL

## COMPLAINT

The Plaintiff, CYPRESS BEND IV CONDOMINIUM ASSOCIATION, INC. ("Cypress Bend"), by its attorneys, Childress Duffy Goldblatt, Ltd., for its Complaint against the Defendant, ALLSTATE INSURANCE COMPANY ("Allstate"), states as follows:

1.      Cypress Bend brings this action to compel appraisal and for breach of contract due to Allstate's failure to comply with its insurance policy issued to Cypress Bend and pay insurance benefits for damages to covered property that exceed fifteen thousand and 00/100 dollars ($15,000.00), exclusive of pre-judgment interest, court costs and attorneys' fees.

2.      At all times material herein, Cypress Bend was and is a corporation duly organized and existing under and by virtue of the laws of the State of Florida with its principal place of business in Broward County, Florida.

3.      At all times material hereto, Allstate was and is an insurance company engaged in the business of providing insurance coverage in the State of Florida, and is authorized by the State



of Florida to engage in the business of insurance in the State of Florida. Allstate, while engaging in the business of insurance in the State of Florida, is required to follow and/or comply with all Florida Insurance Code Statutes and regulations promulgated by the legislature and the Florida Department of Financial Services.

4.      Allstate issued a policy of insurance, Policy Number 049 253627, to Cypress Bend for insurance coverage to the property located at: 2104 Cypress Bend Drive, Pompano Beach, FL 33069; 2106 Cypress Bend Drive, Pompano Beach, FL 33069; 2108 Cypress Bend Drive, Pompano Beach, FL 33069; 2216 Cypress Bend Drive, Pompano Beach, FL 33065; and Cypress Bend Drive Bath, Pompano Beach, FL 33065, (hereinafter referred to as "the subject property"). The insurance policy provides a total amount of coverage of $17,422,000.00 to the subject property. (A copy of the insurance policy is attached as Exhibit "A.")

5.      The insurance policy was in full force and effect from April 1, 2005 to April 1, 2006.

6.      This Court has subject matter and personal jurisdiction over the parties to this cause of action.

7.      A cause of action exists under Florida law for claims regarding the conduct complained of herein.

8.      Venue is proper because it is the venue in which the cause of action accrued and where the insured property in question is located.

9.      Under the insurance policy, Allstate agreed to pay for direct physical loss and damage to Cypress Bend's property.

10.     While the insurance policy was in full force and effect, on or about October 24, 2005, Cypress Bend suffered direct, physical wind loss and ensuing damage to covered property.

11.     Cypress Bend sustained substantial damage as a result of hurricane and/or hurricane force winds and ensuing damages.

12.     Cypress Bend promptly and properly made a claim with Allstate for benefits, namely the costs to repair, restore and/or replace the damages.   Allstate assigned it a claim number, 3732191170.

13.     Allstate inspected the subject property on multiple occasions, acknowledged coverage for the loss claimed by Cypress Bend, and to date has issued claim payments totaling over $1.1 million for damages associated with this Hurricane Wilma claim.

14.     Cypress Bend has informed Allstate that it has determined the amount of its loss at $4,035,580.49, based on the information known to it at the time of its Proof of Loss.  (See Proof of Loss attached as Exhibit "B.")

15.     The policy provides that:

**COVERAGE A – CONDITIONS**

**8.     Appraisal**

If you and we fail to agree the amount of loss, either may make written demand for an appraisal.   Each party will select a competent and disinterested appraiser and notify the other of the appraiser's identity within 20 days after the demand is received.   The appraisers will select a competent and impartial umpire.  If the appraisers are unable to agree upon an umpire within 15 days, you or we can ask a judge of a court of record in the state where the insured premises is located to select an umpire.

The appraisers will then determine the amount of loss, stating separately the actual cash value and amount of loss to each item.   If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss.   If they cannot agree, they will submit their

differences to the umpire. A written award by any two will determine the amount of loss.

(Exhibit "A.")

16.     In accordance with the policy appraisal provision, Cypress Bend demanded appraisal pursuant to the terms and conditions of the insurance policy for the loss and damage to the subject property. (See October 20, 2009, appraisal demand letter attached as Exhibit "C.")

17.     Allstate failed and/or refused to name its appraiser and commence the appraisal process.

18.     Allstate failed and/or refused to honor the appraisal demand in direct contravention of the insurance policy and Florida law.

19.     Cypress Bend has performed all conditions precedent to recover under the policy and to bring the instant action, or said conditions have been waived or excused by Allstate.

## COUNT I – PETITION TO COMPEL APPRAISAL

20.     Cypress Bend reasserts and re-alleges paragraphs 1-19 as if fully set forth herein.

21.     The parties clearly dispute the amount of Cypress Bend's damages/loss in the claim that is the subject of this lawsuit.

22.     Pursuant to the policy appraisal provision cited above, Allstate has a contractual obligation to proceed to appraisal to determine the amount of Cypress Bend's loss.

23.     Although Cypress Bend demanded appraisal in writing, in accordance with the policy, Allstate has failed and/or refused to name its appraiser and commence the appraisal process. (Exhibit "C.")

24.     Cypress Bend has done and performed all those matters required of it under the insurance policy, or alternatively, has been excused from performance as a result of the acts,

representations, omissions, and/or conduct of Allstate. No demands for performance by Cypress Bend were outstanding at the time the appraisal demand was made.

25.     Cypress Bend has a contractual right to seek appraisal.

26.     Cypress Bend was required to retain the undersigned counsel and become obligated for attorneys' fees and costs in connection with the prosecution of this claim. Florida Statute §627.428 provides that Cypress Bend shall recover its attorneys' fees and costs from Allstate under these circumstances upon this Court's determination that it is the prevailing party.

WHEREFORE, pursuant to the insurance Policy, Cypress Bend respectfully requests that this Honorable Court issue an order:

(a)     Requiring Allstate to immediately appoint its appraiser to determine the amount of the loss;

(b)     Granting Cypress Bend's Petition to Compel Appraisal;

(c)     Staying and abating further proceedings in this action pending completion of appraisal and return of an Award to the Court;

(d)     Requiring Allstate to reimburse Cypress Bend for its reasonable attorneys' fees and costs incurred and to be incurred by it in prosecuting this action against Allstate pursuant to F.S.A. § 627.428; and

(e)     Granting Cypress Bend such other and further or different relief as this Court may deem just and proper.

## COUNT II – BREACH OF CONTRACT

27.     Cypress Bend reasserts and re-alleges paragraphs 1-26 as if fully set forth herein.

28.     In response to Cypress Bend's claim for substantial damages resulting from October 24, 2005, Allstate sent and/or assigned multiple insurance adjusters to act as its representatives to adjust Cypress Bend's insurance claim.

29.     Hurricane and/or hurricane force winds substantially damaged the subject property which has adversely affected Cypress Bend, causing it substantial hardship.

30.     Allstate has failed and/or refused to tender all insurance proceeds due and owing Cypress Bend with regard to the claim for substantial damages resulting from October 24, 2005. This was a breach of the insurance policy.

31.     Cypress Bend demanded appraisal in accordance with the policy appraisal provision and Florida law to resolve the parties' dispute over the amount of loss, but Allstate failed and/or refused to name its appraiser and commence the appraisal process.  This was a breach of the insurance policy.

32.     Pursuant to the insurance policy, Allstate has a contractual obligation to pay the full amount of Cypress Bend's covered loss, including the costs to repair, restore and/or replace the damage, less the applicable deductible.

33.     Cypress Bend has done and performed all those matters required of it under the insurance policy, or alternatively, has been excused from performance as a result of the acts, representations, omissions, and/or conduct of Allstate.

34.     As a direct and proximate result of Allstate's breach of the insurance policy, Cypress Bend has:

        a.   Suffered and will continue to suffer significant property damage;

        b.   Incurred and will incur in the future costs to repair, restore and/or replace the significant property damage;

    c.  Suffered and will continue to suffer consequential damages;

    d.  Suffered and will continue to suffer loss of pre-judgment interest, attorneys'

       fees, taxable costs, appraisal costs, and investigatory fees; and

    e.  Other expenses incurred as a result of Allstate's breach of contract.

35.    As a direct and proximate result of Allstate's breach of the insurance policy, Cypress Bend was required to retain the undersigned counsel and become obligated for attorneys' fees and costs in connection with the prosecution of this claim.  Florida Statute §627.428 provides that Cypress Bend shall recover its attorneys' fees and costs from Allstate under these circumstances.

WHEREFORE, Cypress Bend respectfully requests that this Honorable Court enter an award against Allstate for compensatory damages, pre-judgment interest, costs, attorneys' fees, and such other and further relief as this Court may deem just and proper.

## DEMAND FOR A JURY TRIAL

The Plaintiff demands trial by jury on all issues so triable.

Respectfully Submitted,

Shaun J. Marker, Esq., F.B.N. 0017378
Christopher N. Mammel, F.B.N. 0054051
Childress Duffy Goldblatt, Ltd.
Counsel for Plaintiff
12000 Biscayne Blvd., Suite 415
North Miami, Florida, 33181
305-895-9050
305-895-9589 (Fax)

And

Childress Duffy Goldblatt, Ltd.

515 N. State Street, Ste. 2200
Chicago, IL 60654
312-494-0200
312-494-0202 (Fax)



Allstate Insurance Company
P O Box 740071
Atlanta, GA 30374
Phone: (770) 980-3500
FAX: (770) 980-3774

This is a true certified copy of policy number: 049-253627

Insured: CYPRESS BEND IV CONDO C/O NWI CANPBELL PROP.

The certified copy of this policy is for the period,

from 04/01/2005     to     04/01/2006

with all applicable forms and endorsements attached:

Claim number: 3732191170

_Karen Kosber_

Atlanta Commercial Operations
Allstate Insurance Company

Subscribed and sworn to before
Me this 18TH day of MARCH 2009

_Mary Bartlett_

MY COMMISSION EXPIRES
MAY 14, 2010



Dear Policyholder,

Thank you again for putting your trust in Allstate. We appreciate that you have chosen us, and we hope to continue serving your insurance needs for years to come.

Enclosed is your Allstate renewal package, it is designed to give you the information you need about your policy. Your specific choices of coverage and coverage amounts appear on the Policy Declarations or Information page.

Your payment options are detailed on your payment notice. Please mail your payment to us by the due date indicated on the form. A return envelope has been enclosed for your convenience.

Thank you for renewing with us. Remember, if there is anything we can do for you, or if you have any questions about your policy, please give your Allstate Agent a call. Your Agent will be more than happy to help.

Sincerely,

Thomas J. Wilson
President
Allstate Insurance

Enclosures

X5442-3

Page 1 of 1




AGENT:   BRIAN MURPHY IN AGY

CUSTOMIZER INSURANCE BILL

Notice:   Please do not include policy change requests on your payment notice.
Contact your insurance representative directly.

BILL

 **Allstate.**
We're in good hands.

Your Policy Number:   049 253627        0401
CUSTOMIZER INSURANCE BILL

| DUE DATE: | TO PAY IN FULL: | MINIMUM AMOUNT DUE: |
|---|---|---|
| 05/01/2005 | $30,823.05 | $4,909.80 |

**Amount Enclosed:**    $

**ALLSTATE INSURANCE COMPANY**
1920 PALM BCH BLVD   WEST PALM BCH, FL 33409

Bill to:
CYPRESS BEND IV CONDO C/O NWI CAMPBELL PROP.

3500 GATEWAY #202
POMPANO BEACH, FL 33069-4870

Return Payment to:

Insured:
CYPRESS BEND IV CONDO C/O NWI CAMPBELL PROP.

3500 GATEWAY #202
POMPANO BEACH, FL 33069-4870

ALLSTATE INSURANCE COMPANY
P.O. BOX 3578
AKRON, OH 44309-3578

049253627040110490980030823058

PLEASE RETAIN THIS PORTION FOR YOUR RECORDS.         BILLING DATE   02/28/2009

| POLICY NUMBER   049 253627 | | EFFECTIVE DATE   04/01/2005 |
|---|---|---|
| ANNUAL PREMIUM: | $49,092.00 | |
| INCLUDES: FLORIDA EMPA SURCHARGE | | $4.00 |
| | | |
| CURRENT AMOUNT DUE: | $4,909.80 | * ** |
| DATE DUE: | 05/01/2005 | |
| TO PAY IN FULL: | $30,823.05 | |

 *    INCLUDES A PARTIAL PAYMENT FEE OF    $1.00

 **   THE FIRST BILL AMOUNT
       INCLUDES: FLORIDA EMPA SURCHARGE                $4.00

SUBSEQUENT BILLS WILL NOT INCLUDE THIS AMOUNT

Agent:  BRIAN MURPHY IN AGY                          Phone:  (561) 684-1700
Office:  FLORIDA RCC  COMMERCIAL                      Phone:  (800) 729-3005

BILL

BU034R-3





# ALLSTATE CLAIM REPORTING

To report a claim on your Allstate Commercial policy, you may contact your agent for assistance or you may report your claim directly by contacting us at the following phone numbers.

To report a claim for:

Commercial Property/Casualty policies:          1(800) 359-1000

C2603-32                                              Page 1 of 1

BU114R-3





# LOSS CONTROL SERVICES

To aid in your efforts to prevent accidents and minimize accident losses, the following professional loss control consultation services are available to our policyholders at no additional charge:

1. Identification and evaluation of exposures to accidents and losses.

2. Evaluation of existing loss control methods and procedures.

3. Development, implementation and re-evaluation of loss control improvements.

Specific Loss Control Services available include:

### People Safety (generic public)

- Analysis of past accidents and losses to determine loss control needs.

- On site evaluation and recommendations for hazard control improvement.

- Evaluation of safety management policies and procedures and recommendations for improvement.

- Safety training and materials.

### Property safety (real and personal property)

- Evaluations of sprinkler installations.

- Evaluation of the fire protection water supplies.

- Evaluation of fixed fire extinguishing systems.

- Evaluation of emergency procedures.

- Evaluation and implementation of a fire protection impairment program.

### Automobile Safety

- Analysis of past accidents and losses to determine loss control needs.

- Evaluation of driver selection methods and procedures.

- Evaluation of vehicle maintenance programs.

- Evaluation of safety management policies and procedures and recommendations for improvement.

- Driver safety training and materials.

If you are interested in discussing any of these services, contract your Loss Control Coordinator of Agent.

CID140-3
(Ed. 10-98)

Page 1 of 1

BUI14R-3





To:        Florida Commercial Insurance Policyholders

Subject:   Risk Management Plans/Loss Control Services

Insurance laws of the State of Florida makes provisions for the availability of risk management services by each insurer offering commercial casualty insurance and/or commercial property insurance in the state.

We have attached a list of loss Control Services available to assist you with risk management plans. These services are provided at no additional charge to you.

For further information on these Loss Control Services please complete the information requested at the bottom of the page and forward to:

        Loss Control Coordinator
        Allstate Insurance Company
        700 Bartholomew Way
        Longwood, Florida  32750
        Phone (407) 830-5834

Please complete the information requested below.

Check one:  [ ]   Yes, I am requesting services      [ ]   No, I am declining services

Policy Number       049 253627

Policyholder Name   CYPRESS BEND IV CONDO C/O NWI CAMPBELL PROP.


Policyholder Address  3500 GATEWAY #202
                      POMPANO BEACH, FL 33069-4870



Contact Name _____        Phone ( ) _____

CID142A-3                                     Page 1 of 1
(Ed. 1-96)

BU114R-3



 **Allstate.**

## MOLD ENDORSEMENT INSERT

**Important Notice**

*Changes Have Been Made to How Your Allstate Policy Addresses Mold, Fungus, Rot or Bacteria.* Information regarding the changes that have been made to your policy is provided in the summary below. For complete details regarding all the changes to your policy, please read the enclosed amendatory endorsement carefully, as well as the policy jacket and all other applicable endorsements.

The following changes have been made to the Customizer Policy. **THESE CHANGES WILL TAKE EFFECT ON THE EFFECTIVE DATE OF YOUR POLICY RENEWAL.**

*The changes have been made to the Losses We Do Not Cover Under Coverage A – Business Property:*

Prior to this renewal, your policy contained an exclusion, which provided, among other things, that loss of property covered under Coverage A – Business Property caused by rust, mold, rot, contamination, temperature changes, dryness, or the wetness or dryness of the air was not covered. An exception to this exclusion stated, however, if one of these causes of damage then causes a fire, smoke except from agricultural smudging or industrial operations, explosion, glass breakage, or water damage covered by this policy, we will cover loss caused directly by the fire, smoke, explosion, glass breakage, or water. With this renewal, the exclusion (and the exception to the exclusion) discussed in this paragraph no longer applies to loss caused by mold, fungus, rot or bacteria.

Your renewal policy contains new exclusions which state that we do not cover loss to property covered under Coverage A – Business Property caused by mold, fungus, rot or bacteria. This includes any loss, which, in whole or in part, arises out of, is aggravated by or results from mold, fungus, rot or bacteria. These new exclusions apply regardless of whether mold, fungus, rot or bacteria arises from any other cause of loss, even if it is a loss involving water, water damage or discharge which may otherwise be covered, except as specifically provided in the new Mold, Fungus, Rot or Bacteria Remediation as a Direct Result of a Covered Water Loss provision.

*The following changes have been made to Coverage A – Conditions, How We Settle A Loss:*

A provision titled Mold, Fungus, Rot or Bacteria Remediation as a Direct Result of a Covered Water Loss, has been added to Coverage A – Conditions, How We Settle A Loss.

This new condition provides that Allstate will pay up to $5,000 for mold, fungus, rot or bacteria remediation in the event of a water loss covered by your policy. "Remediation" means the reasonable and necessary treatment, removal or disposal of mold, fungus, rot or bacteria as required to complete repair or replacement of covered property damaged by a covered water loss. All remediation costs would count towards and be subject to this $5,000 total limit. In addition, the amounts of any reasonable increases in loss of income – rents that might result if mold, fungus, rot or bacteria prevent you from maintaining normal standard of operations, would count toward the $5,000 total limit. You should carefully read the definition of the term "remediation" in the new endorsement. This new provision does not increase the limits of liability under **Coverage A – Business Property** of your policy.

*The following changes have been made to the Coverage A – Optional Coverage, Part Three Loss of Income – Rents:*

CID533

BU114R-3



We have added language to Coverage A - Optional Coverage, Part Three Loss of Income - Rents to state that additional loss of income or rents due to the remediation of mold, fungus, rot or bacteria will not be paid in addition to any amounts paid or payable under the new Mold, Fungus, Rot or Bacteria Remediation as a Direct Result of a Covered Water Loss provision.

*The following changes have been added to the Coverage B - Business Liability, Part One - Comprehensive Liability and Part Two - Medical Payments coverage of your policy.*

We have added new exclusions to Coverage B - Business Liability, Part One - Comprehensive Liability and Part Two - Medical Payments coverages of your policy, which state that we do not provide coverage for accidental events, personal or advertising injury and medical payments which, in whole or in part, arise out of, are aggravated by or result from mold, fungus, rot or bacteria. However, these exclusions do not apply to bodily injury or property damage provided under Mold Legal Liability. We will pay UP TO A MAXIMUM OF $25,000 on behalf of persons insured all sums which they become legally obligated to pay for as damages arising out of mold as a result of an accidental event that occurs while this policy is in effect.

In addition, an exclusion has been added which states that we do not cover any liability imposed upon any insured by any governmental authority for accidental events, personal or advertising injury which, in whole or in part, arises out of, is aggravated by or results from mold, fungus, rot or bacteria.

*Additional exclusions, if applicable, have been added to Coverage B - Business Liability, Part Six - Board of Managers Liability.*

New exclusions added to Coverage B - Business Liability, Part Six - Board of Managers Liability state that we do not cover any wrongful act which, in whole or in part, involves, arises out of, is aggravated by or results from mold, fungus, rot or bacteria, including any liability imposed upon any insured by any governmental authority for any wrongful act which, in whole or in part, involves, arises out of, is aggravated by or results from mold, fungus, rot or bacteria.

Additionally, we do not cover any cost or expense arising out of investigating or testing to detect, measure, evaluate mold, fungus, rot or bacteria or any necessary treatment, removal or disposal of mold, fungus, rot or bacteria.

"Mold" means any type or form of fungi and mycotoxins, spores, scents or byproducts produced or released by fungi, but does not include any fungi intended to be edible.

Again, be sure to read the enclosed endorsement carefully.

 **Allstate.**

## IMPORTANT NOTICE

**Your Policy Contains Two Surcharges**

**FLORIDA FIRE SURCHARGE** – We are required by Florida law to collect a surcharge from all of our Commercial Property policyholders.

The amount of the surcharge is .1% of your total premium amount, and will be included on your annual bill.

The surcharge collected is remitted to the Department of Revenue to be deposited into the Fire College Fund.

**FLORIDA EMERGENCY MANAGEMENT, PREPAREDNESS AND ASSISTANCE TRUST FUND (EMPA)** – We are also required by law to collect a surcharge on commercial fire, commercial multi peril and business owners property insurance.

The amount of the surcharge is $4.00 per policy and will be included on your annual bill.

The surcharge collected shall be remitted to the Department of Revenue to be deposited into the Emergency Management, Preparedness, and Assistance Trust Fund (EMPA).

Please keep in mind that these surcharges are not premium. We are required by law to collect the surcharges on behalf of the state of Florida.

The amount of the Florida Fire Surcharge is .1% of your total premium amount. The EMPA amount is $4.00. Both the Fire Surcharge and the EMPA will be included on your Bill and in Section 7 - Annual Premium Amount of your Declaration page.

If you have any questions about your policy or any insurance matter, please contact your agent.

X4710A-1

Page 1 of 1

BU114R-3





## IMPORTANT NOTICE

Please be advised that Florida Law requires that we advise you of the availability of optional hurricane deductibles.

A hurricane is defined as a storm system that has been declared to be a hurricane by the National Hurricane Center of the National Weather Service. The hurricane occurrence begins at the time a hurricane watch or hurricane warning is issued for any part of Florida by the National Hurricane Center, and ends seventy two (72) hours after the termination of the last hurricane watch or hurricane warning issued for any part of Florida by the National Hurricane Center.

Your policy deductible currently applies to losses caused by a hurricane. The minimum policy deductible available is $500.

You also have the option of selecting a percent deductible of 1%, 2% or 3%. The percent deductible is applied to the insured value of each building and to the adjusted loss for Loss of Income/Rents. This is the amount that will be deducted from losses caused by a hurricane.

The percent deductible cannot develop a deductible that would be less than the policy deductible.

Selecting a percent deductible will reduce your premium.

Please contact your agent if you are interested in selecting a percent deductible or have any questions regarding your policy.

X5461-1                                                              Page 1 of 1

BU1x4R-3



## IMPORTANT NOTICE - PLEASE READ CAREFULLY

Enclosed in this renewal offer is Blanket Insurance Endorsement (BU5701-1). This endorsement provides that when the Supplemental Declarations indicates that Blanket Coverage is provided, in the event of a covered loss, the Limits of Liability shall equal the sum of all the Building limits for each specified location.

Please read the Blanket Insurance Endorsement for complete details of this coverage. Please note that your coverage has not changed.

If you have any questions about this endorsement, please contact your agent.

X67463

Page 1 of 1

BU114R-8

 **Allstate.**
*You're in good hands.*

## ALLSTATE INSURANCE COMPANY

**AMENDED DECLARATIONS**

CUSTOMIZER POLICY NO.  049 253627
SPECIAL FORM
CHANGE EFFECTIVE: 04/01/2005

1.  **The Insured**          CYPRESS BEND IV CONDO C/O NWI CAMPBELL PROP.

    **Mailing Address**      3500 GATEWAY #202
                             POMPANO BEACH, FL 33069-4870

    **LOCATION OF INSURED PREMISES:**     SEE BU5575-3

2.  **Policy Period from** 04/01/2005    **to** 04/01/2006
    Beginning and ending  12:01 A.M.     Standard Time at the address of the insured stated above.

3.  The Insured is a CORPORATION

4.  **ADDITIONAL INTERESTS**
    This policy also covers the interests of any of the following, when indicated by an "X" and named below.

    ☐ The Mortgagee under          ☐ The Loss Payee under          ☐ Other
       Coverage A - Part One          Coverage A - Part Two

    ☐ The Additional Insured       ☐ The Vendor under
       for Leased Premises,           Coverage B - Part One
       under Coverage B - Part One

       Name

       Address

5.  **POLICY COVERAGES**
    This policy applies to each of the Coverages and Parts shown below.  Under Coverage A, Coverage is provided
    only for property at the Insured Premises for which a specific limit of liability is shown.

| Coverage A - Business Property | |
|---|---|
| Part One   Buildings  SEE BU5575-3 | Limits of Liability<br>SEE BU5575-3 |
| The Property Insurance<br>Adjustment Condition  IS    applicable to this policy | |
| Two    Business Contents | |
| DEDUCTIBLE    $1,000    applicable to each adjusted loss | |

| Coverage B - Business Liability | | |
|---|---|---|
| Part One    Comprehensive Liability | $1,000,000 | EACH ACCIDENTAL EVENT |
| Fire and Specified Peril Legal Liability | $50,000 | EACH ACCIDENTAL EVENT |
| Advertising Injury Liability | $100,000 | |
| Two    Medical Payments | $5,000<br>$25,000 | EACH PERSON<br>EACH ACCIDENT |

BU5570-5
(ED. 10-03)

Page 1 of 4

BU114R-3



 **Allstate.**

**AMENDED DECLARATIONS**

CUSTOMIZER POLICY NO. 049 253827
SPECIAL FORM.

6.  **OPTIONAL COVERAGES**
    The following optional coverages, if any, are provided under this policy.

| Coverage | Location(s) | Limits of Liability |
|---|---|---|
| BLANKET COVERAGE | 001 | SEE BLANKET INSURANCE ENDORSEMENT |
| BUILDING LAWS | ALL | SEE COVERAGE A |
| BOARD OF MANAGERS LIABILITY | ALL | SEE COVERAGE B - PART 6 |
| EMPLOYER NON-OWNER AUTO LIABILITY | ALL | SAME AS COVERAGE B - PART 3 |
| HIRED AUTO | ALL | SEE COVERAGE B - PART 4 |
| LOSS OF INCOME - RENTS | ALL | SEE COVERAGE A - PART 3 |
| TERRORISM COVERAGE | ALL | |
| WATER DAMAGE | ALL | SAME AS COVERAGE A |

7.  Annual Premium for the Policy and Optional Coverages        $49,092.00
       INCLUDES: FLORIDA EMPA SURCHARGE                         $4.00

The portion of the annual premium shown above that is attributable to coverage for losses caused by "acts of terrorism" to which the Program established by the "Terrorism Risk Insurance Act of 2002" applies is $523.00        . SEE DISCLOSURE NOTICE ON PAGE 4 OF 4.

YOUR COMMUNITY'S BUILDING COST EFFECTIVENESS GRADING PROVIDES YOU WITH A      $0 SAVINGS ON YOUR POLICY PREMIUM.

THE MAXIMUM CREDIT AVAILABLE FOR BUILDING COST EFFECTIVENESS GRADING IS 08%. AN INDIVIDUAL INSPECTION CONFIRMING HIGHER CONSTRUCTION STANDARDS COULD INCREASE YOUR SAVINGS.

BU5570-5
(ED. 10-03)

Page 2 of 4

BU1443



**Allstate.**

AMENDED DECLARATIONS

CUSTOMIZER POLICY NO. 049 253627
SPECIAL FORM

8. **ENDORSEMENTS**
The following endorsements amend this policy.

| | | | | |
|---|---|---|---|---|
| BU5575-3 | BU5550A | BU5641-6 | BU5701-1 | BU5754 |
| BU5756-1 | BU5766 | BU5767 | BU5795 | BU5552 |
| BU5559-2 | BU5562 | BU5564-1 | BU5698 | BU5897 |
| BU5750 | BU5770 | BU5834 | CL470A | BU181 |

REASONS FOR CHANGE:
CHG IN INSURED NAME: 001/001
CHG IN MAILING OR LOCATION ADDR: 001/001

PROCESS DATE: 09/28/2009    RCC: FL

Countersigned by  BRIAN MURPHY IN AGY                              Authorized Agent

BU5570-5
(ED. 10-03)

Page 3 of 4

BU114R-3



This condition does not increase the limits of liability provided under Coverage A.

B.  The following changes apply to Coverage B – Business Liability

1.  Under Part One - Comprehensive Liability the following is added under Liabilities Covered:

Mold Legal Liability:

We will also pay UP TO A MAXIMUM OF $25,000 on behalf of persons insured all sums which they become legally obligated to pay for as damages arising out of mold as a result of an accidental event that occurs while this policy is in effect.

The maximum amount we will pay for all accidental events arising out of mold occurring within this policy period will be $25,000.

2.  Under Part One - Comprehensive Liability the following exclusions are added to Exclusions - Liabilities We Do Not Cover:

We do not cover:

Any accidental event, personal or advertising injury which, in whole or in part, arises out of, is aggravated by or results from any mold, fungus, rot or bacteria. This exclusion does not apply to bodily injury or property damage provided under Mold Legal Liability.

Any accidental event, personal or advertising injury imposed by any governmental Authority which, in whole or in part, arises out of, is aggravated by or results from mold, fungus, rot or bacteria. This exclusion does not apply to bodily injury or property damage provided under Mold Legal Liability.

3.  Under Part Two – Medical Payments the following exclusions are added to Exclusions - Expense We Will Not Pay For:

We do not pay for:

Medical expenses for bodily injury which, in whole or in part, arises out of, is aggravated by or results from mold, fungus, rot or bacteria.

C.  The following is added under the General Section, Definitions:

"Mold" means any type or form of fungi and mycotoxins, spores, scents or byproducts produced or released by fungi, but does not include any fungi intended to be edible.

 **Allstate**

Coverage A - Business Property
Coverage B - Business Liability

## AMENDATORY ENDORSEMENT FOR CUSTOMIZER POLICIES
## (FLORIDA)

**A.** The following changes apply to the General Section:

**I.** The Cancellation General Condition is replaced by the following:

**A. Your Right to Cancel**

You may cancel this policy by sending us written notice stating at what future date you wish coverage to stop.

**B. Our Right to Cancel**

1. If this policy has been in effect for ninety (90) days or less, we may cancel this policy by mailing or delivering written notice of cancellation, accompanied by the reasons for cancellation, at least:

   a. Ten (10) days before the effective date of cancellation if we cancel for nonpayment of premium;

   b. Twenty (20) days before the effective date of cancellation if we cancel for any other reason, except we may cancel immediately if there has been:

      (1) A material misstatement or misrepresentation; or

      (2) A failure to comply with underwriting requirements established by us.

   c. We may not cancel on the basis of property insurance claims that are the result of an act of God, unless we can demonstrate, by claims frequency or otherwise, that you have failed to take action reasonably necessary as requested by us to prevent recurrence of damage to the insured property.

2. If this policy has been in effect for more than ninety (90), we may cancel this policy only for one or more of the following reasons:

   a. Nonpayment of premium;

   b. The policy was obtained by a material misstatement;

   c. There has been a failure to comply with underwriting requirements established by us within ninety (90) days of the effective date of coverage;

   d. There has been a substantial change in the risk covered by the policy; or

   e. The cancellation is for all insureds under such policies for a given class of insureds.

   f. On the basis of property insurance claims that are the result of an act of God, if we can demonstrate, by claims frequency or otherwise, that you have failed to take action reasonably necessary as requested by us to prevent recurrence of damage to the insured property.

BU5641-6
(Ed. 7-02)

Page 1 of 3

BU114R-3



If we cancel this policy for any of these reasons, we will mail or deliver written notice of cancellation, accompanied by the reasons for cancellation, at least:

(1) Ten (10) days before the effective date of cancellation if cancellation is for non-payment of premium; or

(2) Forty-five (45) days before the effective date of cancellation if for any other reason stated above,

(3) Ninety (90) days before the effective date of cancellation if for any other reason stated above and the policy covers commercial residential property.

Written notice will be given to the first person or organization named as the insured in the Declarations at the last mailing addresses known to us.

Mailing the notice will be proof of notice, and the effective date and hour stated in the notice will be the end of the policy period.

Your return premium, if any, will be on a pro rata basis and refunded at the time of cancellation or as soon as practical. However, payment of unearned premium is not a condition of cancellation.

**II. The following replaces the first paragraph of the Legal Action Against Us Condition:**

**Legal Action Against Us**

Persons insured agree not to take any legal action against us in connection with your policy unless you have first complied with all of its terms. Persons insured also agree to bring any action against us that relates to Coverage A within five (5) years after a loss occurs.

**III. The following replaces the Our Payment of Loss Condition:**

**Our Payment of Loss**

Provided you have complied with all the terms of this Policy, we will pay for covered loss or damage:

A. Within twenty (20) days after we receive the sworn statement of loss and reach written agreement with you; or

B. Within thirty (30) days after we receive the sworn statement of loss and:

1. There is an entry of a final judgment; or

2. There is a filing of an appraisal award with us.

**IV. The following provisions are added:**

**Non-renewal**

If we decide not to renew this policy, we will mail or deliver to the first person or organization named as the insured in the Declarations at the last mailing address known to us, written notice of non-renewal, accompanied by the reason for non-renewal, at least forty-five (45) days prior to the expiration of this policy. If the policy provides coverage for commercial residential property, we will provide at least ninety (90) days written notice prior to the expiration of this policy.



We may not refuse to renew this policy on the basis of property insurance claims that are the result of an act of God, unless we can demonstrate, by claims frequency or otherwise, that you have failed to take action reasonably necessary as requested by us to prevent recurrence of damage to the insured property.

**Failure to Provide Proper Notice**

If we fail to provide the proper notice, other than the 10-day notice for nonpayment of premium, the named insured's coverage must remain in effect until either (a) the effective date of any replacement coverage or (b) until the expiration of the required number of days' advance notice after the notice has been given, whichever occurs first.

The premium for the coverage is to remain the same during any such extension period except that, with regard to the failure to provide notice of non-renewal, if a rate filing then in effect would have resulted in a premium reduction, the premium for the extension period is to be calculated based on that rate filing.

**What Law Will Apply**

This policy is issued in accordance with the laws of the State of Florida and covers property or risks principally located in the State of Florida.  Subject to the following paragraph, the laws of the State of Florida shall govern any and all claims or disputes in any way related to this policy.

If a covered loss to property, or any other accidental event for which coverage applies under this policy happens outside the State of Florida, claims or disputes regarding that covered loss to property, or any other covered accidental event may be governed by the laws of the jurisdiction in which that covered loss to property, or other covered accidental event happened, only if the laws of that jurisdiction would apply in the absence of a contractual choice of law provision such as this.

**Where Lawsuits May Be Brought**

Subject to the following two paragraphs, any and all lawsuits in any way related to this policy shall be brought, heard and decided only in a state or federal court located in the State of Florida. Any and all lawsuits against persons not parties to this policy but involved in the sale, administration, performance, or alleged breach of this policy, or otherwise related to this policy, shall be brought, heard and decided only in a state or federal court located in the State of Florida, provided that such persons are subject to or consent to suit in the courts specified in this paragraph.

If a covered loss to property, or any other accidental event for which coverage applies under this policy happens outside the State of Florida, lawsuits regarding that covered loss to property, or any other covered accidental event may also be brought in the judicial district where that covered loss to property, or any other covered accidental event happened

Nothing in this provision, **Where Lawsuits May Be Brought,** shall impair any party's right to remove a state court lawsuit to a federal court.

BU5641-6
(Ed. 7-02)

Page 3 of 3

BU114R-3





# IMPORTANT NOTICE
## TO FLORIDA POLICY HOLDERS

For inquires, to obtain coverage information and to receive
assistance in resolving complaints, call (800)-729-3005.

**BU181**
**(Ed. 10-92)**

Page 1 of 1





# CUSTOMIZER

# Business Insurance Policy

## Special Form

**Allstate**

BU5550A

**Allstate**   A Stock Company        Home Office:         Northbrook, Illinois

The Company named in the Declarations herein called Allstate, we, us, ours or the Company

Table of Contents—Subject                                        Pages



## Coverage A — Business Property

Part One — Building (S) ...................................................1
Property Covered ..........................................................1
Property Insurance Adjustment (PIA) ...............................1
Part Two — Business Contents .......................................2
Property Covered ..........................................................2
Money And Securities ....................................................2
Collapse .......................................................................3
Debris Removal .............................................................4
Property We Do Not Cover .............................................4
Additional Protection .....................................................5
Losses Covered Under Coverage A ................................10
Losses We do Not Cover ...............................................10
Optional Coverages:
Part Three — Loss of Income-Rents ...............................15
Part Four — All Exterior Glass .......................................16
Part Five — All Exterior Signs .......................................16
Part Six — Employee Dishonesty ....................................16
Deductibles ..................................................................18
Coverage A — Conditions ...............................................19
How We Settle a Loss, Insurable Interest and Our Liability, Our
Options, Abandoned Property, Permission Granted to You, Loss
Clause, Our Payment of Loss, Appraisal, Mortgagee, Glass
Replacement, No Benefit to Bailee, Other Insurance, Loss Payable
Clause, Property of Others, Impairment of Recovery, Effects of
Events You Cannot Control, General Average and Salvage Charges



## Coverage B — Business Liability

Part One — Comprehensive Liability .................................24
Liabilities Covered .........................................................24
Limits of Liability ...........................................................24
Defense ........................................................................25
Persons Insured .............................................................25
Exclusions — Liabilities We Do Not Cover .........................26
Part Two — Medical Payments .........................................32
Exclusions — Expenses We Will Not Pay for .......................32
Optional Covered ...........................................................34
Part Three — Employer's Non-Ownership Automobile Liability .....34
Coverage B — Condition ..................................................36
Other Insurance .............................................................36
Coverage B — Exclusions ................................................36
Nuclear Energy Liability ..................................................36
War ...............................................................................37

Table of Contents—Subject                                                     Pages



## *General*

General Conditions ....................................................................... 38
Premiums, Recovering Damages From a Third Party, Policy
Changes, Assignment and Transfers, Cancellation, Concealment and
Fraud, How State Law Affects This Policy, Losses Covered Under
Different Parts of This Policy, Inspections and Audits, Where You
Are Protected, What to Do if You Have a Loss, Legal Action
Against Us, Bankruptcy or Insolvency
Definitions ................................................................................. 41

# *Coverage A — Business Property*



## *Part One — Buildings*

### Property Covered — Buildings

This policy covers the replacement cost (or the actual cash value, if such is indicated in the Declarations) of the building(s) for which a description and limit of liability is shown in the Declarations. This coverage includes the following items when on the same premises:

1. Permanent fixtures, machinery and equipment such as heating and air conditioning and elevators used to provide building services.

2. Additions and extensions to the described building. We also cover garages, storage sheds and swimming pools used in connection with your business.

3. Yard fixtures such as fences, lamp posts and flag poles.

4. Construction materials and supplies that you intend to use to alter, repair or expand an insured building.

5. Personal property you own and use to service or maintain the building, including fire extinguishing equipment, outdoor furniture, floor coverings, and appliances for refrigerating, ventilating, cooking, dishwashing and laundering.

6. Personal property in apartments or rooms you furnish as landlord.

7. Accounts receivable are covered when the insured building is an apartment or condominium.

8. Outdoor trees, shrubs or plants on the premises for not more than $1,000 on any one item, including cost of removal, or a total amount not exceeding $5,000 in any one loss for each insured location.

9. Building Glass.

### Property Insurance Adjustment

When the Declarations indicate that the Property Insurance Adjustment Condition applies, the limits of liability for Coverage A, Part One — Buildings, will be increased in proportion to the increase in replacement costs between the time the existing limits were established and the date of loss or damage, but not to exceed 10 percent. These limits will be derived from the Building Cost Percentage Change Factors as published by American Appraisal Company, Inc.

The limits of liability will not be reduced to less than the limits of liability specified in the Declarations at the time of policy issuance without your consent.

Any adjustment in premium resulting from the application of this condition will be made on the basis of premium rates in use by us at the time a change in limits is

Page 1

## *Coverage A — Business Property*

made. We have the right to change to another building cost index or to withdraw this condition as of the policy anniversary date by giving you at least thirty (30) days notice. This applies only if the change or withdrawal applies to all Customizer policies issued by us.

You have the right to refuse the change in limits resulting from the application of this condition, and you have the right to change the limits of liability at any time.



## *Part Two — Business Contents*

### Property Covered

This policy covers the replacement cost (or actual cash value, if such is indicated in the Declarations) of business contents owned by you, usual to your business, on the premises described in the Declarations, or within 100 feet of such premises for which a limit of liability is shown in the Declarations, including:

1.  Property of others, but not that of an employee, in your care, custody or control for business purposes.

2.  Tenant's improvements and betterments. If you are a tenant and have a lease agreement, we will pay for your immovable fixtures, improvements and alterations made or acquired at your expense and which are not included in your rent.

3.  Accounts receivable that you are unable to collect because your records have been damaged or destroyed.

4.  Valuable papers and records.

5.  Damage to Buildings from Theft, Burglary or Robbery. We will pay for loss (except by fire or explosion) to that part of the building occupied by you and containing property covered, directly resulting from theft or attempted theft, burglary or robbery provided you are liable for such damage. This coverage does not apply to glass (other than glass building blocks) or to any lettering or ornamentation.



## *Money and Securities*

Your policy provides the coverages for money and securities described below:

1.  Losses Inside Your Premises

We will pay up to $10,000 for loss of or damage to money or securities from either of the following locations:

    a.   Inside your premises described in the Declarations, or

Page 2

## *Coverage A — Business Property*

b.   A night depository safe on a bank's premises.

**2.   Losses Outside Your Premises**

We will pay up to $2,000 for loss of or damage to money or securities outside your premises while being carried by you, one of your partners or any of your employees authorized to have the money and securities or while in the living quarters of your home or the home of one of your partners or any employee authorized to have the money or securities.

## *Collapse — Parts One and Two*

We will pay for risk of direct physical loss involving collapse of a covered building or any part of a covered building caused only by one or more of the following:

a.   fire; lightning; windstorm; hail; explosion; smoke; aircraft; vehicles; riot; civil commotion; vandalism or malicious mischief; breakage of glass; falling objects; weight of snow, ice or sleet; water damage; all only as insured against in this policy;

b.   hidden decay;

c.   hidden insect or vermin damage;

d.   weight of people or personal property;

e.   weight of rain which collects on a roof;

f.   use of defective materials or methods in construction, remodeling or renovation if the collapse occurs during the course of the construction, remodeling or renovation.

We will not be liable for loss to the following types of property, if otherwise covered in this policy, under items b, c, d, e and f unless the loss is a direct result of the collapse of a covered building:

outdoor radio or television antennas, including their lead-in wiring, masts or towers; awnings; gutters and downspouts; yard fixtures; outdoor swimming pools; fences; piers, wharves and docks; beach or diving platforms or appurtenances; retaining walls; walks, roadways and other paved surfaces.

Collapse does not include settling, cracking, shrinkage, bulging or expansion.

This coverage does not increase the amount(s) of insurance provided in this policy.

Page 3

## *Coverage A — Business Property*

### *Debris Removal — Parts One and Two*

We will pay the cost of removing debris of covered property destroyed or damaged by a peril insured against in this policy during the policy period.

The most we will pay for debris removal expense only is $5,000 plus 25 percent of the sum of: (a) the amount we pay for the direct loss or damage, plus (b) the deductible amount applicable to such damage. However, we will not pay more than the limits of your coverage shown in the Declarations for the total amount of the loss to your property and debris removal expense.

This policy will not cover debris removal expenses reported to us more than 180 days after the earlier of: (a) the date of direct physical loss or damage; or (b) the end of the policy period.

Debris removal does not apply to the cost to:

1.   extract pollutants from land or water; or

2.   remove, restore or replace polluted land or water.

### *Property We Do Not Cover*

We do not cover the following property:

1.   Aircraft.

2.   Watercraft, except those held for sale, service or repair.

3.   Lawns; Growing Crops.

4.   Notes, deeds, accounts payable, bills or mortgages and other evidence of debt. Securities and tickets, except as provided under the Money and Securities Section of this policy.

5.   Property you have sold on an installment or other deferred payment basis after it has been delivered to the customer.

6.   Automobiles, trucks, trailers or semitrailers or any other self-propelled vehicles or machines. We cover motorized equipment such as tractors, lawn mowers or forklifts used principally on your business premises and not licensed for use on public roads.

7.   Exterior signs, except as provided under Additional Protection.

8.   Walks, roadways and other paved surfaces.

Page 4

# Coverage A — Business Property

9. Apartment and condominium garages and storage sheds, except for coverage afforded under Additional Protection for Apartment and Condominium Outbuildings. Additional coverage may be provided if specifically shown in the Declarations.

10. Land (including land on which property is located) and water.



# Additional Protection

In addition to the coverage under Parts One and Two, this policy also gives you the following protection for losses covered under Coverage A:

**1. Off-Premises**

When coverage is provided under Part One, we will pay up to 10 percent, but not to exceed $10,000, of the sum of the Building limits for personal property while temporarily removed from your premises for the purposes of cleaning, repairing, reconstruction or restoration. When coverage is provided under Part Two, we will pay up to 10 percent, but not to exceed $10,000, of the sum of the Business Contents limits to cover such property temporarily at premises not described in the Declarations. This coverage will cease sixty days from the date you begin using such other premises.

This protection does not cover:

a. Salesmen's samples or property at fairs, exhibitions or displays.
b. Property you rent or lease to others or that is on someone else's premises for or during construction or installation.
c. Property in transit or newly-acquired property.
d. Property not used for your business occupancy.

**2. Property In Transit**

When coverage is provided under Part Two, we will cover your business contents while in due course of transit, for the purpose of pickup and delivery, on vehicles owned by, rented to or controlled by you.

We will also cover the following losses: Flood, earthquake and landslide. We will also cover overturning, stranding, sinking, burning or derailing of a vehicle being used for transportation. We will cover losses caused by theft, provided the property was in a locked area or compartment of the vehicle and there are visible marks of entry.

We will pay up to a total of $10,000 on any one loss in any one vehicle, subject to the following limits:

a. $2,500 on business contents owned by you;

## Coverage A — Business Property

b.  $10,000 on property sold or property of others in your care, custody or control.

This protection does not apply to property of your employees or to property in the care of your sales personnel.

**3.  Newly Acquired Property**

We will pay up to 25 percent, but not more than $10,000, of your Building limits to cover any new buildings you acquire and use in your business or to cover new fixtures, additions or alterations you make to an existing building. Where coverage is provided under Part Two, we will also pay up to $10,000 for Business Contents at newly acquired locations.

Your building(s) will be covered for 60 days after you acquire the new building(s) or begin installation or construction. Your Business Contents will be covered for 60 days beginning on the date the Business Contents are moved to the newly acquired location. You must report the value of newly acquired property to us and pay an additional premium. The premium will be computed from the date coverage begins.

**4.  Continuing the Business**

We will pay up to $1,000 to help you maintain normal business operations following the damage or destruction of a covered building or property. We will pay necessary expenses that are over and above your normal operating costs and that are directly related to your loss.

**5.  Personal Effects**

We will pay up to a total of $5,000 to cover the personal effects that belong to you, your officers, partners or employees while those personal effects are at the premises described in the Declarations.

This property is not covered if it is already insured elsewhere. We will not pay more than $500 for any one person's property. If this protection is used to cover someone else's property, we can settle all losses with you and make all payments to you.

**6.  Seasonal Automatic Increase**

We will increase your Business Contents limits up to 25 % to provide for seasonal variations. However, you will not receive this automatic seasonal increase unless the limit of liability shown in the Declarations is at least 100 % of the average monthly value of covered Business Contents for the 12 months immediately before the loss. If you have been in business for less than 12 months at that location, we will use the average value for the number of months you have been in business.